15542

PETTUS v. TAYLOR

(25 S. E. (2d), 745)

May, 1942.

Mr. *Frank A. Graham*, of Columbia, S. C., Counsel for Appellant,

Mr. *Gary Paschal*, of Columbia, S. C., Counsel for Respondent,

May 21, 1943.

CIRCUIT JUDGE J. HENRY JOHNSON, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

Habeas corpus to determine the right to the custody of an illegitimate child born November 23, 1938, commenced in the County Court of Richland County by appellant's petition, and heard May 18, 1942, by Hon. A. W. Holman, who awarded the custody of the child to the respondent.

The material facts are not in dispute. Appellant, then unmarried and resident of a city other than Columbia, came to that city in November, 1938, and on the 23d of that month, at the home of her respondent, her cousin, gave birth to the child whose custody she now seeks. Thirteen days thereafter, appellant executed what purported to be a deed to the child, whereby she relinquished all right or claim to the custody of her child, as well as her right to inherit from it, giving the same unto the respondent. The instrument was executed in the presence of two witnesses, and for approximately three years and six months thereafter appellant made no effort to

regain custody of her child. Appellant was married to one Pettus in 1941, told him of the birth and whereabouts of her child, and he is agreeable to her recovery of its custody.

In obedience to the writ issued by the County Court, respondent produced the infant, and for return alleged, in substance, that, from its birth and conveyance to her approximately four years ago, she had kept the child in her home, and, at considerable cost to herself, provided it with board, lodging, nursing, clothing and medical attention; that she had properly reared, treated, and cared for the child; that it has never known any mother other than herself; and that she is physically and financially able to continue to provide a suitable home for the little boy. Six witnesses were examined before Judge Holman in support of the allegations of respondent's return, while five were examined on behalf of the appellant, and it was his considered judgment that the best interests of the child, its mother, her husband, and the respondent forbade a change of its custody.

Without passing upon the question of whether or not the provisions of Section 8679, Code of 1942, relating to the conveyance by joint deed of mother and father of the custody of their child, are applicable to illegitimate children. as the same is unnecessary here, suffice it to say that we have examined the record most thoroughly, and are unable to find any abuse of discretion on the part of the Judge of the County Court. On the contrary, we are agreed that the child's best interest does not at this time warrant his separation from the only mother he has ever known.

The judgment of the County Court is affirmed.

Messrs. Associate Justices Baker, Fishburne, and Stukes concur.

Mr. Chief Justice Bonham did not participate.